PD-1505-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/29/2015 11:44:11 AM
Accepted 6/30/2015 8:17:02 AM
ABEL ACOSTA
CLERK



# State Counsel for Offenders
### Texas Department of Criminal Justice

P.O. Box 4005

Huntsville, TX 77342-4005

(936) 437-5203

June 29, 2015

Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

   RE: *Schlittler v. State*, No. PD-1505-14

To the Honorable Judges of the Court of Criminal Appeals:

  As you are no doubt aware, last Friday, June 26, the United States Supreme Court issued its opinion in *Obergefell v. Hodges*, 576 U.S. ___ (2015). In addressing the inability of the states to bar marriage between same-sex couples, as well as holding that the states must recognize same-sex unions across state lines, the court touched on the Fourteenth Amendment Due Process and Equal Protection clauses as they apply when a fundamental liberty interest is at stake, the same legal framework which underlies Mr. Schlittler's case. Consequently, as this case could not be addressed in any of Mr. Schlittler's prior filings before this court, Mr. Schlittler respectfully requests the Court to take *Obergefell* into consideration in deciding the merits of his case.

  Throughout the majority opinion, the court repeatedly emphasized the right to parent a child as being a select number of unenumerated rights under the Due Process Clause which are not merely protected, but are virtually sacrosanct. This is because, as the court explained, "choices concerning contraception, family relationships, procreation, and childrearing, all of which are protected by the Constitution, decisions concerning marriage are among the most intimate that an individual can make." *Id.* at *26-*27 (citing *Lawrence v. Texas*, 539 U.S. 558, 574 (2003)). Each of these rights, while not wholly dependent on one another (as marriage is not necessary to have children, nor is the ability to procreate a prerequisite for marriage), those rights naturally support each other. *Id.* at *29-*30.

As an example of the interrelatedness of these bedrock rights, the court stressed the negative impact of a same-sex marriage ban on the children of a same-sex couple. According to the majority, children of same-sex couples suffer harm from such a ban in two parts: (1) the children suffer by knowing that their families are perceived as lesser; and (2) by no fault of their own, they are harmed by the natural byproducts of being raised by unmarried parents. *Id.* at \*30. Likewise, Mr. Schlittler's son was harmed by a legislative declaration that his relationship with his father was lesser. Of course, a degree of that harm comes with the territory of having a father in prison, but criminalization causes unnecessary harm for him, as a new criminal case opens every time his father sends him a letter. He was also forced, by no fault of his own to suffer a degree of harm in being raised by one parent only, as under Texas Penal Code 38.111, his right to override his mother's veto power and contact his father did not materialize until he turned seventeen.

Finally, the court drew the Due Process and Equal Protection clauses of the Fourteenth Amendment closer together than perhaps in any previous Supreme Court analysis, asserting that the two have "synergy" in some cases. *Id.* at \*38. Although the majority opinion is hardly the model of analytical clarity, it appears that from their point of view, where disparate treatment is shown relating to a fundamental right, a violation of the Equal Protection Clause will be an *ipso facto* violation of the Due Process Clause, so close is the tie between "liberty" and "equality." *Id.* at \*38-\*41. Likewise, here, in accordance with this reading of the majority opinion, the relevant portion of the Texas Penal Code violated Mr. Schlittler's fundamental Due Process right to rear his son in two ways: (1) as an independent harm under pure Due Process analysis, and (2) as the consequence of violating Mr. Schlittler's right to equal protection of the laws as it pertains to a fundamental right.

Respectfully submitted,

/s/ Kenneth Nash
Texas Bar. No. 14811030
P.O. Box. 4005
Huntsville, TX 77342
Telephone no. 936-437-5291
Facsimile no. 936-437-5279
E-mail address: Ken.Nash@tdcj.texas.gov

Cc:

Melinda Fletcher
Special Prosecution Unit
P.O. Box 1744
Amarillo, TX 79501
Facsimile no. 866-923-9253
E-mail address: mfletcher@sputexas.org

Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711
Facsimile no. 512 463-5724
E-mail address: information@spa.texas.gov